NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CHRISTOPHER BRIMHALL, *Petitioner/Appellant*,

*v.*

JULIA BRIMHALL, *Respondent/Appellee*.

No. 1 CA-CV 25-0418 FC

FILED 07-23-2026

Appeal from the Superior Court in Navajo County
No. S0900DO202300383
The Honorable Melinda K. Hardy, Judge

**GRANTED**

COUNSEL

White Mountain Law Group, P.L.C., Show Low
By Michael R. Ellsworth
*Counsel for Petitioner/Appellant*

Crider Law Firm, PLLC, Mesa
By Brad J. Crider
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1        This decision addresses whether this Court may award costs for a notice of appeal filed in superior court.  We conclude it may not.

## FACTS AND PROCEDURAL BACKGROUND

¶2        We resolved the substantive issues in this appeal in a separate decision.  *Brimhall v. Brimhall*, No. 1 CA-CV 25-0418 FC, 2026 WL 913589 (Ariz. Ct. App. Apr. 3, 2026) (mem. decision).  We determined Father was the successful party on appeal and awarded him costs.  *Id.* at *2, ¶ 10; *see also* A.R.S. § 12-341; ARCAP 21.  Father filed an affidavit of costs in compliance with ARCAP 21.  Father's affidavit requested $1,420.82 in costs, including a request to recover the $123.90 filing fee for his notice of appeal filed in superior court.  Mother filed an untimely response.

## DISCUSSION

¶3        Under A.R.S. § 12-331, this Court may award costs for the following:

    1. The amount paid to the clerk of *that* court.

    2. The amount paid to the clerk of the superior court for certified copies of the record and for transmitting it.

    3. The cost of printing or typing the abstract of record and briefs.

    4. The amount paid for the transcript of the notes of the reporter of the superior court.

    5. Such other disbursements as may have been incurred pursuant to an order of the court or agreement of the parties.

A.R.S. § 12-331 (emphasis added). Although A.R.S. § 12-331 allows us to award costs paid to this Court's clerk, it does not allow an award of costs paid to the superior court.

**¶4** We acknowledge that this Court described the filing fee for a notice of appeal paid in the superior court as a "cost incurred on appeal" and affirmed the superior court's decision not to award that cost. *See McKee v. Lamore*, No. 1 CA-CV 21-0413, 2022 WL 517911 at *4–*5, ¶¶ 20–23 (Ariz. App. Feb. 22, 2022) (mem. decision). Whether the filing fee for a notice of appeal is a cost recoverable in the superior court is not before us here, but that statement in *McKee* is in tension with the principle that "[o]rderly procedure dictates that [the] superior court is the proper forum to rule on allowance of costs incurred in such court." *O'Malley Inv. & Realty Co. v. Trimble*, 5 Ariz. App. 434, 436 (1967); *see also* A.R.S. § 12-332(a)(1) (stating that fees of officers are superior-court costs); *Ager v. A Better Today Recovery Servs. LLC*, No. 1 CA-CV 21-0081, 2021 WL 4757567 at *3, ¶¶ 15–16 (Ariz. App. Oct. 12, 2021) (mem. decision) (finding that fees paid to the superior court clerk are fees paid to a superior-court officer), *abrogated on other grounds by Perez v. Circle K Convenience Stores, Inc.*, 259 Ariz. 221 (2025).

**¶5** Because Father paid the filing fee for his notice of appeal to the superior court, this Court cannot award Father the cost of filing his notice of appeal.

## CONCLUSION

**¶6** We award Father $1,296.92 in costs.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR